IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

RICHARD EVANS                                                                                     PLAINTIFF

v.                                                                         CIVIL ACTION # 2:07cv18-KS-MTP

DUSTYN AULTMAN and
DAVID GREUSCHOW                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion to dismiss [# 11] pursuant to Rule 12(b)(6) filed by the Defendant David Greuschow.  Because the Plaintiff has failed to state any claim upon which relief can be granted, the Defendant's motion to dismiss should be **granted**, and the claims against Defendant David Greuschow should be **dismissed without prejudice**.

### I. FACTUAL BACKGROUND

This case arises out of the use of a racial slur in the workplace.  Richard Evans worked at the Coca Cola Bottling Plant in Laurel.  Evans alleges that his supervisor, David Greuschow, asked he and another worker "why was the place was [sic] dirty." Pl.'s Compl. ¶ 5 (Jan. 29, 2007).  Evans claims that when he answered his supervisor's question, Greuschow became angry. *Id.*  Evans alleges that Greuschow responded by saying "shut up _ _ _ _ _ _." *Id.*[1]  Evans also alleges that "Mr. Greuschow was harassment me [sic] by telling me that no one will help me load the truck." Pl.'s Compl. ¶ 5 (Jan. 29, 2007).  Evans makes no other factual allegations against the

---

[1] Although Evans does not allege precisely what his supervisor said to him, he added in briefing the instant motion that "the supervisor Greuschow use the n _ _ _ _ _ word." *See* Pl.'s Res. Br. ¶ 2 (Dec. 17, 2007).

Defendants.

Evans filed the instant suit *pro se* on January 29, 2007. Based on the brief factual allegations reproduced above, Evans asserts a myriad of claims against the Defendants. He claims that the conduct of Greuschow violated his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as his statutory rights under 42 U.S.C. § 1983, 42 U.S.C. § 1981, and Title VII. The Defendant Greuschow has moved for dismissal pursuant to Rule 12(b)(6).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on motion to dismiss pursuant to Rule 12(b)(6), the district court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 204 (5th Cir. 2007). The reviewing court must also "resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

To survive a defendant's Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Despite the relaxed standard for pleading under the federal rules, the court will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Ins. Co.*, 495 F.3d 228, 230 (5th Cir. 2007). The plaintiff's factual allegations "must be enough to raise a right to relief

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 (internal citations omitted).

### III.  APPLICATION AND ANALYSIS

Applying the Rule 12(b)(6) standard as recently modified by *Twombly*, the Plaintiff has failed to state any claim upon which relief could be granted.  First looking at his constitutional claims, Evans cannot assert any claim under the Eighth Amendment because he is not a prisoner in the custody of the state. *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977); *Lynch v. Cannatella*, 810 F.2d 1363, 1375 (5th Cir. 1987).  He cannot state any claim under the Fifth or Fourteenth Amendments because Greuschow is neither a federal nor a state actor. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1986); *Bloom v. Illinois*, 391 U.S. 194, 195 (1968).

Turning to his alleged statutory rights, Evans cannot state a claim pursuant to 42 U.S.C. § 1983 against because Greuschow is not a state actor, and has not been alleged to have been acting under color of law. *See* 42 U.S.C. § 1983 (2000); *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).  The Title VII claims of Evans fail because that statute does not create individual liability, and he has not proven to have exhausted his administrative remedies. *See Barnes v. Levitt*, 118 F.3d 404, 408-09 (5th Cir. 1997); *Grant v. Lone Star Co.*, 21 F.3d 649, 651-53 (5th Cir. 1994).  Finally, the 42 U.S.C. § 1981 claims fail because Evans has not alleged that he suffered an adverse employment action or that the actions of his supervisor created a hostile work environment. *See Mosley v. Marion County, Miss.*, 111 Fed. Appx. 726, 727-28 (5th Cir. 2004).

### III. CONCLUSION

The racial slur allegedly used by Greuschow is perhaps the most vile and offensive word in the English language. It carries centuries of cultural anguish and its power to harm its target cannot be overstated. Yet even if the facts alleged by Evans are true, the use of this most offensive term does not establish an open season against the scoundrel who uttered it. The number of wrongs in the world far exceed the number of remedies available under law, the standard by which all claims in this tribunal are judged. Despite the deep psychic wounds inflicted by the use of such epithets, Evans has stated no claim for which relief can be granted. His claims against the Movant Greuschow cannot survive the standard of Rule 12(b)(6), and should be dismissed without prejudice to afford him another opportunity at a remedy.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the motion to dismiss [# 11] pursuant to Rule 12(b)(6) is **granted**, and all claims against Defendant David Greuschow are **dismissed without prejudice**.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE